IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                       CR No. 25-881-KWR

JAMISON WAGNER,

        Defendant.

## DEFENDANT'S MOTION FOR ORDER TO ALLOW DEFENDANT TO POSSESS AND USE PERSONAL LAPTOP COMPUTER

The Defendant, Jamison Wagner, by and through counsel Noah W. Gelb, Assistant Federal Public Defender, respectfully moves the Court for an order to compel the detention center in which Mr. Wagner is incarcerated, presently the Cibola County Correctional Center (hereafter "CCCC"), to permit Mr. Wagner to possess and use a personal laptop computer during the pendency of this case. The government, by and through Assistant United States Attorneys Maria Elena Stiteler and Tavo Hall have indicated that the government does not oppose this motion.

In support of this motion, Mr. Wagner asserts the following:

1. *Background and Need for Computer*

Mr. Wagner is charged by grand jury indictment 2 counts of arson in violation of 18 U.S.C. § 844(i) and seven counts of possession of destructive device not registered with the National Firearms Registration and Transfer Record. Discovery in this case is voluminous. At present, the United States has disclosed thousands of pages of discovery, including law enforcement reports, laboratory reports, electronic device extractions, and numerous audio and video recordings. In sum, the United States has disclosed over 1.76 terabytes of data.

Mr. Wagner has a right to receive and review discovery and participate in crafting a defense. U.S. Const amends. V. VI. Given the vast amount of discovery material and given the fact that much of this material is in form of electronic files (much up is derived from digital extractions performed on electronic devices) this right is in jeopardy. Working with such a large amount of material would be cumbersome, impractical, and inefficient, and Mr. Wagner's ability to effectively search and understand the material significantly impeded. Given that the discovery materials are already in an electronic format, digitally searching the discovery is the only efficient and effective way to navigate and understand the provided materials. Accordingly, this is the only way for Mr. Wagner to exercise his due process rights and participate meaningfully in his defense.

### 2. *Precedent in the District of New Mexico*

Other criminal defendants prosecuted in the District of New Mexico while detained have been provided digital computing devices in order to be able to review their discovery and assist in their defense. In *United States v. Angel DeLeon et al.*, CR 15-4268 JB, *United States v. Anthony Baca et al.*, CR 16-1613 JB, *United States v. Leveille*, 18-CR-2945 WJ, and *United States v. Torres*, 19-CR-3333 WJ, the defendants were provided tablets or laptops which contained discovery in their individual cases. These defendants had been permitted to maintain and use these tablets while incarcerated. Wach tablet was password protected, with the password known only by the defendant and his counsel; indeed, this Court specifically, ordered that the password "will not be disclosed to counsel for the government, the United States Marshals, corrections officers, or any other member of law enforcement. Once provided to a defendant, the computer and all data in any form inside that computer, including all marking thereon, will be protected by the attorney-client privilege." *See United States v. DeLeon*, D.N.M. No. 2:15-cr-04268-JB, Doc. 589, at 2. According to this Court's order, corrections officer could "briefly conduct a visual inspection" of the computer at the completion of an attorney visit, and if there was cause to believe that the computer contained contraband or was otherwise damaged,

procedures were agreed upon to seize and store the computer (including powering down and completely turning it off) "until further order of the Court." *See DeLeon, supra,* Doc. 589, at 3-4.

### 3. *Proposed Laptop for Mr. Wagner*

Mr. Wagner respectfully submits that cause exists for the entry of an Order, which compels the detention facility in which he is housed to permit him to have access to a computer containing discovery, and which can be updated by counsel as warranted by the developments in the case, or disclosure of additional discovery materials. The laptop, presently being prepared by undersigned counsel's office, will be subject to the following connectivity and device limitations and security protections:

1. The laptop will be enabled with two separate user accounts, a password protected administrator account only accessible by Federal Public Defender Office personnel, and a client account that is able to access discovery but can make no modifications to the security protections or connectivity systems.

2. The following devices and capabilities will be disabled both in the Basic Input/Output System ("BIOS") and the Windows device manager: Wifi, USB ports/connections, Ethernet connections, camera, microphone, Bluetooth, and display options.

3. Installed software will be limited to VLC Media Player for audio/video playback, Windows Media Player for audio/video playback, Microsoft Edge for PDF review, Microsoft Office Word Viewer for document review, and Microsoft Office Excel Viewer for spreadsheet review.

4. The BIOS will be password protected with the password known only to the Federal Public Defender's Office, and the device manager will only be accessible through the administrator account (again password protected).

In sum, the laptop will have no capacity for internet or network connectivity, absent significant hardware modification and installation of vital software, something that is for all intents and purposes impossible to accomplish in a jail setting. Counsel is prepared to furnish the device to the detention facility for independent inspection prior to its delivery to Mr. Wagner.

WHEREFORE, for the foregoing reasons, Mr. Wagner respectfully requests that the Court issue an order allowing him to possess and use a computer for purposes of discovery review and trial preparation while detained at his detention facility for the pendency of the case and to permit undersigned counsel to provide to Mr. Wagner discovery on this electronic device.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
Noah_Gelb@fd.org

*Electronically filed October 21, 2025*
/s/ Noah W. Gelb
NOAH W. GELB, AFPD
Attorney for Jamison Wagner